UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EDWARD EWING, ) | Case No.: 1:10 CV 1792 |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant ) | <u>ORDER</u> |

The Commissioner of Social Security (the "Commissioner") denied disability benefits to Plaintiff, Edward Ewing ("Plaintiff"), in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge Nancy A. Vecchiarelli for preparation of a report and recommendation. Both parties submitted briefs on the merits. Plaintiff sought an order reversing the Administrative Law Judge's ("ALJ") decision and remanding the case. Plaintiff argued that the ALJ erred by failing to obtain a medical expert's opinion to determine whether Plaintiff's impairments met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; and by improperly evaluating the credibility of Plaintiff's subjective statements of pain. Plaintiff contends that the court should remand this case to the ALJ because of these errors.

On August 12, 2011, Magistrate Judge Vecchiarelli submitted her Report and Recommendation ("R&R"), recommending that the Commissioner's final decision be affirmed. (ECF No. 15) First, she found that Plaintiff's assignment of error regarding the failure to obtain a medical expert's opinion to evaluate Plaintiff's impairment lacked merit. (R&R at 13, ECF No. 15.) Magistrate Judge Vecchiarelli agreed with the Commissioner's

conclusion that additional medical expert testimony was not necessary. (*Id*.) The specific Listing at issue here, § 1.04, contains criteria for disorders of the spine, which Plaintiff asserts his impairments met or medically equaled. The record contains two Disability Determination and Transmittal forms, signed by state agency consultive physicians, who indicated that Plaintiff was not disabled. (*Id*.) State agency consultive physicians' medical opinions are considered expert opinions. (*Id*.) The ALJ's determination regarding the Listings is supported by the forms. (*Id*.) Therefore, "the record contains medical expert opinions regarding whether Plaintiff's impairment or impairments met or medically equaled an impairment in the Listing," and the ALJ did not err. (*Id*. at 14.) Furthermore, Plaintiff includes no support for his claim that the ALJ was required to obtain medical expert opinion evidence, and fails to explain how the Disability Determination and Transmittal forms were inadequate evidence in support of the ALJ's Listing determination. (*Id*. at 14.)

Magistrate Judge Vecchiarelli next found that Plaintiff's arguments that the ALJ failed to make a proper credibility assessment of Plaintiff's subjective statements of pain, pursuant to 20 C.F.R. §§ 404.1529(c) and 416.929(c), and Social Security Ruling 96-7p, because he did not consider the relevant factors required by the rules, were not well-taken. (*Id*.) As required, "the ALJ"s decision contains specific reasons for his finding on Plaintiff's credibility that are supported by the case record, that are sufficiently specific to make clear the weight he gave to Plaintiff's statements and the reasons for that weight." (*Id*. at 16.) Magistrate Judge Vecchiarelli also concluded that Plaintiff's argument that the ALJ's assessment of his credibility is not supported by substantial evidence because there is other evidence that supports Plaintiff's subjective statements, relied on an incorrect legal standard. (*Id*. at 17.) A decision supported by substantial evidence will not be overturned even if substantial evidence supports the opposite conclusion. (*Id*.) In addition, Magistrate Judge Vecchiarelli found Plaintiff's arguments that indicate the ALJ erred because he did not discuss certain factors, to be unpersuasive, as the ALJ is only required to consider them, not discuss them. (*Id*.)

Magistrate Judge Vecchiarelli ultimately concluded that the "ALJ's decision is sufficiently thorough, clear, and specific for the Court to conclude that the ALJ considered those factors required under the Code of Federal Regulations and the Social Security Rulings." (*Id.*)

As of the date of this Order, Plaintiff has not objected to the Report and Recommendation. By failing to do so, he has waived the right to appeal the Magistrate Judge's recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

The court finds that, after *de novo* review of the Report and Recommendation and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation. (ECF No. 15.)

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

August 29, 2011